The judgment of the court ,was pronounced by
Slidell, J.
After consideration of the evidence in this cause, coupled with the verdict of the jury, we are of opinion, that the plaintiffs cannot be considered as having committed an active violation of the contract. It is true, there is reason to believe from the evidence, that the defendants expected the plaintiffs to begin the work a day earlier than they did. But there was no positive' stipulation to that effect in the contract, and there is nothing in the evidence to create a doubt as to the ability of the plaintiffs to complete the work before the period stipulated in the contract for such completion, which was some weeks distant. The plaintiffs told the defendants they would be ready to go to work the next day; and the evidence authorises us to believe they would have been so, and would have gone on with the work, if permitted to do so. Under all the circumstances, which were a very proper subject for the consideration of the jury, we think they were authorised to consider the plaintiffs as not in default, and that the defendants had no other authority for putting an end to the matter, than the arbitrary one which the law gives them in article 2736 of the Civil Code. It is in these words: “ The proprietor has a right to cancel at pleasure the bargain he has made, even in case the work has already been commenced, by paying the undertaker for the expense and labor already incurred, and such damages as the nature of the case may require.”
This article is taken from the Napoleon Code, but with a change. In that code the measure of damages was fixed by the lawgivers. The proprietor, in case of an arbitrary rescission of the contract, was bound to pay the contractor his expenses, the value of all his work done, and all the profits which he could have made, if permitted to perform the contract, de toutes ses dépenses, de tous ses travaux, et de tout ce qu’il auraitpu gagner dans cette entrépise. The framers of our code seem to have favored the rule as laid down by Pothier, and preferred to leave the damages to the sound discretion of the tribunal rather than to establish a positive and inflexible standard. . But it is obvious that the rule given by our code is sufficiently broad to cover the loss of profits.
The arbitrary power given to the proprietor to cancel the contract at pleasure, seems at first view anomalous and exhorbitant. But further reflection will show, that when properly guarded by a concomitant liability, it rests upon a sound policy. As suggested by the French commentators, the reason of the law is this: after making a contract, the proprietor may find that imperious considerations make it inexpedient to go on with it. Losses may have suddenly come upon him ; his fortunes may have become embarassed, and he may find that he cannot go on without exposing himself to the risk of not being able to pay the contractor; of making an investment unsuited to his means, or ruinous in its results. The law therefore, will not hold him to a specific performance, which may injure or ruin him. But at the same time the law extends the same equitable care to the contractor, and subjects the right of arbitrary cancellation to the condition of indemnifying him. Both parties are thus protected. See Pothier, Louage, No. 440. Troplong, Louage, § 1023 et seq. We find in the Roman law an equitable protection given to the laborer, although, it seems, in a more guarded form than under the Napoleon Code. Cum per te non statisse proponas, quo minus localus operas Antonio Aquike solveret, si eodem anno mercedes ab alio non accepisti, fidem *222 contractus implevi oequum est. Cited by Donnat. book 1, tit. 4, sec. 9, par. 6, which see.
In the present case a witness, whose testimony was not excepted to, estimated the amount which would have been cleared by the plaintiffs, at $175. The price for doing the work, was fixed by the contract at $675. There was no opposing or conflicting testimony as to the amount of damages.
The jury went, we think, as far as they could legally go in this case; but we are not prepared to say, that they exceeded the large and equitable standard given by our code. It is proper, however, to add, that there is a circumstance which would have prevented us from disturbing this verdict, unless on conviction that it was excessive, was very clear. When one of the defendants ordered the plaintiffs to stop, the order was accompanied, says one of the witnesses, with highly abusive language, unprovoked by any indecorous demeanor on the part of the plaintiffs.
It is not improper also to observe that this contract for work was in the country, and the jury may have considered that it was not easy for the plaintiffs to get, among the planters, employment equally profitable.
Judgment affirmed, with costs.